United States District Court
Southern District of Texas
**ENTERED**
November 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| W&T ENERGY VI, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | 3:24-cv-319 |
| ANADARKO US OFFSHORE LLC, | § § § | |
| Defendant. | § § § | |

## **ORDER**

Before the court is the plaintiff's emergency application for a temporary restraining order, a preliminary injunction, and a permanent injunction against Anadarko. Dkt. 1. The court will deny all three.

The parties co-own a well offshore in the Gulf of Mexico with Anadarko serving as operator pursuant to a Joint Operating Agreement ("JOA"). Dkt. 5 at 3. In November 2023, a subsurface leak led Anadarko to shut in the well to prevent further leakage. *Id.* Under the lease, the shut-in triggered a one-year period to return the well to production, otherwise the lease would terminate on November 6, 2024. *Id.* at 10; Dkt. 1 ¶ 6.

Anadarko informed W&T of the shut-in in December 2023. Dkt. 5 at 3–4. Following an investigation, Anadarko determined it lacked a safe way

to return the well to production and would therefore plug and abandon the well. *Id.* at 5. It reported its decision and proposal to W&T in June 2024; W&T rejected the proposal. *Id.* at 6; Dkt. 1 ¶ 37. In October, W&T submitted a proposal to rework the well and return it to production and then asked Anadarko to submit a request to the Bureau of Safety and Environmental Enforcement ("BSEE") for a suspension of production ("SOP") to toll the expiration of the lease. Dkt. 1 ¶¶ 10–11, 38–39. On October 31, 2024, Anadarko declined to submit the request. *Id.* ¶ 12.

In response, W&T filed this lawsuit and asked for emergency injunctive relief. Dkt. 1. W&T asks the court to order Anadarko to "complete the ministerial act of filing the application for SOP to prevent the immediate expiration of the lease" on November 7, 2024. *Id.* ¶ 74. To succeed in its request, W&T must show "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997).

As a threshold matter, the parties dispute the type of injunction sought by W&T. W&T argues it seeks a prohibitive injunction which sustains the

status quo. Dkt. 16 at 11 (citing *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997)). Anadarko argues that because W&T asks the court to compel its affirmative action by "petitioning the government (under its own signature and over its objection)," W&T seeks a "particularly disfavored" mandatory injunction. Dkt. 5 at 9 (citing *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)).

The court agrees with Anadarko. Though requiring Anadarko to request a SOP would preserve the existence of the lease and therefore the status quo, the court finds that compelling Anadarko to make representations to the BSEE that Anadarko otherwise disagrees with would amount to compelled speech. Dkt. 5 at 13–14 (representing its disagreement with the substantive statements necessary for the SOP W&T asks the court to compel); *cf. Wooley v. Maynard*, 430 U.S. 705, 714 (1977) (recognizing that the state cannot compel speech). Because W&T seeks a mandatory injunction, W&T must show "the facts and law clearly favor" it. *Martinez*, 544 F.2d at 1243 ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."). W&T cannot meet this high burden.

Additionally, the court is not convinced that W&T has demonstrated the "substantial threat of irreparable harm." *Valley*, 118 F.3d at 1051. In arguments before the court, the parties admitted the possibility of an adequate remedy at law—namely money damages for W&T's claims against Anadarko. Minute Entry, 11/05/2024. Combined with the high burden required for a mandatory injunction, the possibility of an adequate legal remedy proves fatal to the claim that any harm W&T may sustain is irreparable and, therefore, fatal to W&T's request for injunctive relief. *See Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003) (holding that the requesting party must meet its burden on all four requirements); *Wireless Agents, L.L.C. v. T–Mobile USA, Inc.*, No. 3:05–CV–0094–D, 2006 WL 1540587, at *2 (N.D. Tex. June 6, 2006) (finding the court need not make findings on all the elements if the applicant fails to establish either of the first two factors). Because W&T cannot establish the irreparable-harm prong, the court denies its request for relief.

Signed on Galveston Island this 5th day of November, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE